1  Peter B. Schlueter, State Bar No. 155880
   SCHLUETER LAW FIRM, PC
2  454 N Arrowhead Avenue, 2ⁿᵈ Fl
   San Bernardino, California 92401
3  Telephone: 909.381.4888
   Facsimile: 909.381.9238
4  Email: schlueterlawoffice@yahoo.com

5  Attorney for Plaintiff John Rey

6

7              **UNITED STATES DISTRICT COURT**

8             **CENTRAL DISTRICT OF CALIFORNIA**

9
   John Anthony Rey, an Individual;            | Case No.:  5:24-cv-730
10
                **Plaintiff**s,               | **COMPLAINT FOR DAMAGES**:
11
   v.                                          | 1. Violation Of 42 U.S.C. § 1983
12                                             | Fourth Amendment Rights –
   **City of Murrieta**, a municipality; ;    | Unreasonable Search and Seizure of
13 **Zachary Schumaker**, an individual**;**   | Person and Property;
   **Claudia Gomez**, an individual,  and
14 **DOES 1 through 25**,                       |
                                               | 2.Violation Of 42 U.S.C. § 1983
15              **Defendants.**                | Fourth Amendment Rights – Excessive
                                               | Force;
16
                                               | 3.Violation of Fourteenth
17                                             | Amendment– Failure to Intervene

18                                             | 4. Bane Act, Cal civil Code §52.1

19                                             | 5.  Assault and Battery;
20
                                               | 6.  Intentional Infliction of Emotional
21                                             | Distress (IIED);

22                                             | 7. Eight Amendment- Excessive Bail
23                                             | Claim

24                                             | 8.  Deprivation of Civil Rights –
                                               | Municipal and Supervisory Liability
25                                             | (42 U.S.C. § 1983).

26                                             | **DEMAND FOR JURY TRIAL**

27

28

                           1
                 Complaint for Damages / Jury Demand

# COMPLAINT

1.     This case arises out of a September 5, 2022, emergency call to the City of Murrieta Police Department at around 9:00pm for "unknown trouble" at or near Plaintiff John Rey's home. There was no allegation that a crime was occurring. Murrieta Police Officers saw Plaintiff come outside his home and then told offices to leave. Rather than leave, the officers rushed, tackled, pushed Plaintiff into his living room, then beat and Tased him. Murrietta officers then took Plaintiff into custody and searched the entirety of his home. Officers falsely reported criminal allegations against Plaintiff, to which the Plaintiff is informed and believes, that the falsehoods caused his bail to raise over ten times its standard rate to one million dollars. No charges were pursued by the Riverside District Attorney's office.

# PARTIES

## A. Plaintiff

2.     At all relevant times, Plaintiff John Anthony Rey ("John Rey") is an adult qualified to bring suit on his own behalf. At all relevant time, John Rey resided in the City of Murrieta, County of Riverside, in the State of California.

## B. Defendants Government Actors

3.     Defendant City of Murrieta ("City" or "Murrieta") is a municipality and is a political subdivision of the State of California. The Murrieta Police Department (hereinafter "MPD") is a non-separable department of the City of Murrieta located in the County of Riverside, California.

4.     The Murrieta Police Department personnel known to have been involved are **Zachary Schumaker ("Schumaker")** , **Claudia Gomez** (" **Gomez**") and DOES 1 through 24.

5.     At all relevant times, Defendants Schumaker, Gomez, and other City of Murrieta Police department personnel (DOES 1-23) (together hereinafter "Individual Defendants"), are law enforcement officers, present, participating or actively

supporting in the wrongful acts as alleged herein.

**D. Doe Allegations**

6.      DOES 1-23 are as yet unidentified individuals who knowingly participated in or supported some or all of the wrongful acts as stated herein.

7.      DOE 1-5, are unnamed supervisors working for the City of Murrieta Police Department because the identity has yet to be ascertained. They were supervisors of the Individual Defendants on or near the scene, and was thus knowingly involved with the violations of Plaintiff's constitutional rights as alleged herein.

8.      DOES 6-8 are unnamed supervisors who participated in the training or oversight of the Individual Defendants' wrongful acts as stated herein. They are unnamed because their identity has yet to be ascertained.

9.      DOES 9-23 are unnamed because their identities have yet to be ascertained. They participated in the deprivations visited upon Plaintiff, or with full knowledge of the deprivation and the ability to stop the deprivations did not and/or failed to investigate, or participate honestly in the investigation of the allegations of misconduct as alleged herein, and as alleged.

10.     Each individually named defendant and each DOE defendant 1-23 acted under color of state law and within the scope of his or her agency and employment with the City of Murrieta and its Police Department or other government entity. All acts and omissions of the individual Defendants were malicious and intentional, with either the intent to deprive Plaintiff of his constitutional and statutory rights, or in reckless disregard of those rights.

11.     Furthermore, Plaintiff has assumed on information and belief that the only government entity that operates the Murrieta Police Department is the City of Murrieta itself. If it is later determined that another agency operates the Murrieta Police Department, then Plaintiff will substitute the entity as DOE 24.

12.     DOES 24 is another government entity, be it a local, state or Federal,

3

Complaint for Damages / Jury Demand

agency, that bears or shares some responsibility herein.

13.    DOES 25 are unnamed business entities or individuals working for those business entities and because their identities have yet to be ascertained they are referenced by DOES. They facilitated the deprivations visited upon Plaintiff through their negligence and or other wrongful acts, and were a proximate cause for Plaintiffs injuries.

14.    At such times as these individuals are identified, Plaintiff will seek to substitute the names of those individuals for the currently named DOE defendants.

## JURISDICTION AND VENUE

15.    This case arises under 42 U.S.C. § 1983 and state law claims. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and are within the supplemental jurisdiction of the Court pursuant to § 1367.

16.    Plaintiff's claims arise out of a course of conduct involving officials of the City of Murrieta and its Police Department and/or DOE 24 and/or  DOE 25 and its law enforcement officers, in the State of California and within this judicial district. The subject event occurred in the City of Murrieta, County of Riverside, State of California.

17.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiffs believe Defendants Conrad, Schumaker, Gomez, and DOES 1-23 reside in County of Riverside, California, and because all incidents, events, and occurrences giving rise to this action occurred in County or Riverside, California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.    Plaintiff timely filed the appropriate administrative claims on March 3, 2023. The City provided requisite notice of rejection of claim on October 9, 2023, as ascribed by Government Code §§ 911, 911.2, and 911.3 thus creating a time limitations to file suit enunciated in the California Government Tort Claims Act. This complaint is filed within the 6 months deadline (April 9, 2024) to file state causes of action (Govt. Code § 945.6). (Copy Attached Exhibit 1)

Complaint for Damages / Jury Demand

# FACTS COMMON TO ALL CLAIMS

19.    Plaintiffs repeats and re-allege each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20.    On September 5, 2022, around 9:00pm,  Murrieta Police Department Officers Schumaker, Gomez, and others of DOES 1 through 23, responded to a call for service  for "unknown  trouble" at Plaintiff's home located at Plaintiff's home in Murrieta, California

21.    According to Schumaker, and/or Gomez, and/or Murrieta Police Department dispatchers ( DOES 21 through 23) Murrieta police department personnel were dispatched after the department received multiple calls from callers allegedly reporting that a neighbor, Plaintiff John Rey, was yelling at neighbors in front of his house, waiving his arms, acting strange, and bleeding from his head.

22.    When Plaintiff  heard activity to the front of his home he opened the front door and told the persons to get off his property.

23.     Schumaker, Gomez, and others of DOES 1 through 23 rushed plaintiff, tackled plaintiff through his home's  doorway, pushing Plaintiff into his living room, and began to beat plaintiff, then Tased him, and then handcuffed and hobbled plaintiff without just cause. The Officers placed the handcuffs on Rey so tight that he still feels numbness to his hands.

24.    Schumaker or Gomez, or both, and others of DOES 1 through 23 either submitted false statements, or supported false statements, claiming that Plaintiff Rey assaulted them when they knew the opposite was true.

25.    As a result of the falsehood reported by Schumaker or Gomez, and others, including DOES 1 through 23 plaintiff's bail was set artificially high, and he was held on a one-million-dollar bail bond.

26.    Schumaker's, and Gomez's and DOES 1-23, deliberate and/or reckless misrepresentations were the actual and proximate cause of the excessive bail.

5

27.     On September 5, 2022, Plaintiff did not threaten, attack, resist, or use any force against Murrieta Police department officers.

28.     Plaintiff did not have a firearm in my hand, nor did I threaten to use one.

29.     Plaintiff had never been arrested before. He is a member of the armed forces and has served his country honorably.

30.     If officer did not wrongfully or negligently act themselves, then they failed to intervene, having the ability and duty when they saw the violations of my civil rights occur.

31.     The officers seized Plaintiff's firearms. The firearms have not been returned. That seizure was not supported by lawful cause.

32.     After Plaintiff John Rey was handcuffed, MPD officers (10 of DOES 1-23) searched plaintiff's home. That search was without constitutional-justifiable cause or consent.

33.     These acts by police, acting under color of authority, were in violation of the 1st, 2nd, 4th, 5th, and 14th amendments of the United States Constitution, and analogous California Constitutional provisions, and in violation of the Ralph and Bane Acts.

34.     Plaintiff John Rey was held in custody at the jail for approximately three days until he could pay the premium on a One Million dollar bond.  Schumaker, Gomez, and MPD Officers (10 of DOES 1-23) lacked constitutional justification for the detention, the use of force, continued use of force, or use the level of force they did, (including head strikes and taser weapons).

35.     Plaintiff John Rey suffered/numbness from being handcuffed for the extended period of time and because the MPD Officers put the handcuffed on overly tight. John Rey also had physical injuries of head and hand, and taser burns to his body, caused by the MPD officers to be determined in discovery. Plaintiff John Rey was not committing a crime or traffic violation and was not reasonably under suspicion of having committed a crime on September 5, 2022, when Defendant

Complaint for Damages / Jury Demand

Schumaker, Gomez, and Doe Defendants contacted him and violated his rights.

36.    On September 5, 2022, Plaintiff John Rey was not wanted by law enforcement, nor did he have warrant(s) for his arrest in existence.

37.    On September 5, 2022, Defendants Schumaker, Gomez, and Doe Defendants officers did not have a reasonable suspicion that John Rey was involved in, or about to commit a crime.

38.    As such, Defendants Schumaker, Gomez, and DOES 1-23, acted upon Plaintiff John Rey without legal justification.

39.    Due to the use of excessive force and unlawful search and seizure by the defendant officers, Plaintiff suffered loss of use of their property, mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, and indignity.

40.    Any reasonable officer knowing the same facts as existed on September 5, 2022, would not have been suspicious that Plaintiff John Rey had been or was about to be involved in activity related to a crime.

41.    Plaintiff is informed and believes that the City of Murrieta and its Murrieta police, Defendants Schumaker, Gomez, and DOES 1-25 were, at the very least, negligent in their treatment of Plaintiffs and, at worst, knowingly and intentionally malicious.

42.    The Murrieta Police department and/or DOES 24 and/ or DOE 25 has a duty to stop this type of conduct, to watch that it does not occur, and to, at least, train these officers to access the situation and react professionally without the need for excessive force.

43.    The City of Murrieta, Murrieta Police Department, Schumaker, Gomez, and DOES 1-25, had the ability and opportunity to stop the unlawful acts but did not attempt to do so.

44.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants City of Murrieta, Murrieta Police Department, Chief Tony Conrad, and DOE 25 maintained, enforced, tolerated, ratified, permitted,

acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, including the right to be free from excessive force under the Fourth Amendment.

45.     As complained of herein above, none of the defendants to this action had a warrant for any of the Plaintiffs arrest, nor probable cause to believe that plaintiffs had committed any crime, nor reasonable suspicion of criminality afoot by the plaintiffs, or any suspicion that the plaintiffs were a danger to anyone or anything.

46.     Accordingly, the seizure of plaintiff by Defendants with force and the threatened use of deadly force, constituted an unlawful and unreasonable seizure of plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

47.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs were injured in their health and person. They suffered and will continue to suffer severe mental and physical anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

48.     Plaintiff was harmed by the acts of the Defendants and the Department defacto policies and procedures, and its failure to supervise and train its officers. The Murrieta Police Department's failures as an organization, created an atmosphere that violations such as alleged here were sure to occur.

49.     Even if the Schumaker, Gomez,  and Doe Defendants did not intend to harm Plaintiffs, their acts were committed with reckless disregard for his rights and a failure to use the standards expected to be use by a competent law enforcement officer.

//

//

Complaint for Damages / Jury Demand

# FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983

### Fourth Amendment Rights – Unreasonable Search and Seizure
### of Person and Property;

### (Against Schumaker, Gomez, and DOES 1-23)

50.     Plaintiff John Rey hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51.     As complained of herein above, none of the defendants to this action had a warrant for plaintiffs' arrest, nor probable cause to believe that plaintiff had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

52.     All of the acts of Defendants Schumaker, Gomez, and DOES 1-23 were done under color of state law.

53.     The acts of Defendants Schumaker, Gomez, and DOES 1-23 deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, unlawfully seizing Plaintiffs by conducting a unlawful arrest of Plaintiffs without any lawful basis, probable cause, warrant, or any exception thereto.

54.     Each of the Defendants Schumaker, Gomez, and DOES 1-23 were personally involved and an integral participant in the violation of Plaintiff's constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they planned to and did conduct a unlawful arrest of Plaintiff. None of the involved Officers objected to these violations of Plaintiffs' rights, and each Officer participated in the violation by performing police functions, including meaningful participation in the unlawful seizure and unlawful arrest of Plaintiff and the use of

unreasonable force against him.

55.    The acts of the Defendants Schumaker, Gomez,  and DOES 1-23 deprived Plaintiff John Rey of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to her rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment, by, among other things, searching his home and seizing his property without a warrant, exigency, emergency, probable cause, or Plaintiffs' consent.

56.    Each of the Defendants Schumaker, Gomez,  and DOES 1-23 were personally involved and an integral participant in the violation of John Rey's constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they planned to search and did search plaintiff's home; did not object to this violation of John Rey's rights; and participated in the violation by performing police functions, including meaningful participation in the unlawful arrest, search, seizure, and use of unreasonable force against Plaintiff.

57.    As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiff sustained and incurred damages including pain, suffering, and emotional injury.

58.    In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant

59.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant City, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourth Amendment Rights -**

**Excessive/Unreasonable Use of Force on Person**

**(Against Schumaker, Gomez,  and DOES 1-23 )**

60.    Plaintiff John Rey  hereby reallege and reincorporate by reference the allegations set forth in paragraphs 1 through 59 inclusive, above, as if set forth in full herein.

61.    All of the acts of Defendants Schumaker, Gomez,  and DOES 1-23 were done under color of state law.

62.    As mentioned above, Plaintiff John Rey were unlawfully detained, unlawfully arrested,  and excessive force was used on him by Defendants Schumaker, Gomez,  and DOES 1-23.

63.    The acts of the Defendants Schumaker, Gomez,   and DOES 1-23 deprived Plaintiff of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, using excessive force against Plaintiff. Specifically, Schumaker, and/or Gomez and Defendants 1-23, beat and tased Plaintiff John Rey even though he was not resisting the arrest.  Then  Schumaker, and/or Gomez and Defendants 1-23either applied, or caused to be applied, handcuffs that were placed so tightly that they injured Plaintiff's Rey. Afterwards, the defendant Officers placed him in a form of hobble restraint.

64.    Each of the Defendants Schumaker, Gomez,   and DOES 1-23 are personally involved and an integral participant in the violation of Plaintiff John Rey's constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they planned to and did beat and Tase, handcuffed too tightly, and

hobbled, Plaintiff John Rey, and tightly handcuffed Plaintiff. None of the Officers objected to these violations of Plaintiff's rights, and each Officer participated in the violation by performing police functions, including meaningful participation in the unlawful detention, and arrest, and use of unreasonable force against Plaintiff John Rey, having the ability to stop the unlawful action of their fellow officers.

65.     As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

66.     In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

67.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Jahn Rey's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save the City.

**THIRD CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourteenth Amendment Rights -**

**Failure to Intervene**

**(Against Schumaker, Gomez,  and DOES 1-23 )**

68.     Plaintiffs John Rey hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.     All of the acts of Defendants Schumaker, Gomez,  and DOES 1-23 were done under color of state law.

70.     The acts of the Defendants Schumaker, Gomez,  and DOES 1-23 deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, failing to intervene in the unlawful actions of other Officers. These unlawful actions include the unreasonable uses of force, unlawful detention and arrest, as well as their unlawful search and seizure of Plaintiff John Rey and his property.

71.     At all relevant times, the Defendants Schumaker, Gomez,  and DOES 1-23 were present and had a realistic opportunity to intervene and prevent the unreasonable uses of force, unlawful detention and arrest, as well as their unlawful search and seizure of Plaintiff John Rey and his property by their fellow Officers against Plaintiff, but neglected to do so.

72.     As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

73.     In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CAL. CIVIL CODE 52.1

### Bane Act

### (Against All Defendants)

74.     Plaintiffs John Rey hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full

herein.

75.     Article I, § 13 of the California Constitution and the Fourth Amendment to the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment, guarantee the right of persons to be free from unlawful false arrests, unlawful searches, and excessive force on the part of law enforcement officers. The Officer Defendants and the other involved Officers, by engaging in the wrongful acts and failures to act alleged herein, intentionally and deliberately denied each of these rights to Plaintiffs by threats, intimidation, or coercion, to prevent Plaintiffs from exercising their rights to be free of false arrest, unlawful searches, and excessive force, thus giving Plaintiffs claims for damages pursuant to California Civil Code § 52.1. Specifically, the Officer Defendants and other involved Officers unlawfully (1) detained Plaintiff, (2) arrested Plaintiff, (3) searched plaintiff's home, (4) seized plaintiff, and his property and (5) used excessive force against Plaintiff, including tackling, beating and tasing plaintiff. The Officer Defendants intended by their actions to deprive Plaintiff of his enjoyment of the interests protected by the right to be free of such conduct.

76.     As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiff sustained and incurred damages including pain, suffering, and emotional injury.

77.     Each of the Defendants, Schumaker, Gomez,  and DOES 1-23, were personally involved and aided and abetted in the violation of Plaintiffs' constitutional rights. Each Officer knew that the other Officers were committing unlawful actions against Plaintiffs as they planned to and did unlawfully arrest Plaintiff, search and seize his property, and use excessive force against Plaintiff. Each Officer gave substantial assistance or encouragement to the other Officers and each Officer's conduct was a substantial fact in causing harm to Plaintiffs.

78.     The City of Murrieta, Murrieta Police Department DOE 24, and  DOE 25 are vicariously liable for the actions of the Officer Defendants pursuant to Cal.

Gov't Code § 815.2(a).

79.    In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiff's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

80.    As the direct and legal result of Defendants' conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to those set forth above, and are entitled to statutory damages under Cal. Civ. Code § 52, including damages up to three times Plaintiffs' actual damages but no less than $4,000 for every offense of California Civil Code § 51 et seq., as well as compensatory and punitive damages and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

**(Assault and Battery)**

**(Against All Defendants)**

81.    Plaintiffs John Rey hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

82.    On information and belief, Schumaker, Gomez,  and DOES 1-23 tackled, beat, and tased Plaintiff's persons in a threatening manner.

83.    Plaintiffs reasonably believed that Defendants would/ did harm him.

84.    Defendants Schumaker, Gomez,  and DOES 1-23 intentionally touched Jahn Rey by tackling, beating and tasing, and handcuffing Plaintiff.

85.    Defendants Schumaker, Gomez,  and DOES 1-23 used  unreasonable force while tackling, beating, tasing, and handcuffing Plaintiff.

86.    Plaintiff did not consent to the Officers' uses of force.

87.    Plaintiff did not consent to Defendants' conduct.

15

Complaint for Damages / Jury Demand

88.     Plaintiff was harmed by the Officers' uses of force, which has caused him to suffer injuries including pain, suffering, and emotional injuries.

89.     Defendants Schumaker, Gomez, and DOES 1-23's uses of unreasonable force were each a substantial factor in causing Plaintiffs' harm, pain, suffering, and emotional injury.

90.     Defendants Schumaker, Gomez,  and DOES 1-23, while acting within the course and scope of his employment, assaulted and battered Plaintiff John Rey.

91.     Each of the Defendants Schumaker, Gomez,  and DOES 1-23 were personally involved and aided and abetted in the violation of Plaintiffs' constitutional rights. Each Officer knew that the other Officers were committing unlawful actions against Plaintiffs as they planned to and did unlawfully aim their weapons at Plaintiffs. Each Officer gave substantial assistance or encouragement to the other Officers and each Officer's conduct was a substantial fact in causing harm to Plaintiffs.

92.     The City of Murrieta, Murrieta Police Department DOE 24, and DOE 25 are vicariously liable for the actions of the Officer Defendants pursuant to Cal. Gov't Code § 815.2(a).

93.     In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiffs' rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

94.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs were injured in their person they suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a

Complaint for Damages / Jury Demand

sum to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (IIED)

### (Against All Defendants)

95.    Plaintiff John Rey, an individual, hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 94, inclusive, above, as if set forth in full herein.

96.    Defendants Schumaker, Gomez,  and DOES 1-23's actions performing a unlawful detention/arrest, tackling, beating, searching and seizing property, and violently handcuffing Plaintiff, all in full view of Plaintiff John Rey's neighbors, was outrageous. This conduct was performed with reckless disregard to the effect that these actions and omissions would have upon Plaintiff, including emotional distress.

97.    As a direct and proximate result of the aforementioned acts or omissions of Defendants, Plaintiff suffered injuries including pain, suffering, and emotional injury.

98.    All defendants denied, aided, incited a denial, and/or committed wrongful acts as herein described.

99.    The City of Murrieta, Murrieta Police Department DOE 24, and DOE 25 are vicariously liable for the actions of the Officer Defendants pursuant to California Government  Code § 815.2(a).

100.    In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiffs' rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

///

///

**SEVENTH CLAIM FOR RELIEF**

**Excessive Bail Claim - Eight Amendment Violation**

**(42 U.S.C. § 1983)**

**(Against Schumaker, Gomez, and DOES 1-23)**

101.   Plaintiffs John Rey hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 100, inclusive, above, as if set forth in full herein.

102.   All of the acts of Defendants Schumaker, Gomez,  and DOES 1-23 were done under color of state law.

103.   Defendants Schumaker, Gomez, and others of DOES 1 through 23 either affirmatively made material  misrepresentations that caused the court to set Plaintiff's bail to one-million dollars instead of the standard bail that was less than ten percent of that amount. Schumaker, Gomez, and others of DOES 1 through 23 affirmatively aided the process of each others misrepresentations, by writing reports that affirmed false assertions, or omitted information that would have contradicted these false version of events. Schumaker, Gomez, and others of DOES 1 through 23 causing the prolonged detention for Plaintiff in jail, and caused him to expend $100,000 in seeking to bond out through a bail bondsman.

104.   The bail conditions set for Plaintiff's criminal allegations were excessive for the purpose of achieving the valid state interests for which bail is intended to serve for a particular individual.

105.   After his arrest on September 5, 2022, Plaintiff was booked at Southwest Detention Center for Penal Code 69 [Felony Resisting]. This is punishable by imprisonment in the state prison for three years.  The standard bail schedule for Penal Code 69 effective in June 2021 for Riverside County was $10,000.

106.   After his arrest on September 5, 2022, Plaintiff was booked for Penal Code 245(D)(1) [Felony Assault on a Police Officer with a firearm]. This is

Complaint for Damages / Jury Demand

punishable by imprisonment in the state prison for four, six, or eight years. The standard bail schedule for Penal Code 245(D)(1) effective in June 2021 for Riverside County was $55,000.

107.    After his arrest on September 5, 2022, Plaintiff was booked for Penal Code 243(B) [ Misdemeanor battery on Police Office]. This is a misdemeanor punishable with up to a year in county jail. The standard bail schedule for Penal Code 243(b) effective June 2021, for Riverside County was $5,000.

108.    After his arrest on September 5, 2022, Plaintiff was booked for Penal Code 148(A)(1) [Misdemeanor Obstruction]. This is a misdemeanor punishable with up to a year in county jail.  The Standard bail schedule for Penal Code 148(A)(1) effective June 2021 for Riverside County was $5,000.

109.    Plaintiff's total bail, if all maximum standard bail schedule amounts effective June 2021 for Riverside County were used should have been $75,000 [PC69 $10k+PC 245(D)(1) $55k+PC 243(B) $5k+ PC148(A)(1)$5k=$75,000]

110.    Plaintiff's bail was set at $1,000,000 for the aforementioned charges/ counts. This is over thirteen times the maximum standard bail schedule amounts should have been for Riverside County.

111.    Plaintiff paid a bail bond company $100,000- 10% of the total bail amount of $1,000,000 in order to get released from jail.

112.    According to the Riverside County June 2021 Bail Schedule, "Adjustments to the scheduled bail amounts are within the discretion of each judge, taking into account the defendant's prior record, including, but not limited to, additional pending warrants, failures to appear in court, violation of probation, and the nature of the instant offense."

113.    On September 5, 2022, Plaintiff did not have a prior criminal record

114.     On September 5, 2022, Plaintiff did not have additional pending warrants.

115.    On September 5, 2022, Plaintiff did not have any failures to appear in

19

1    court.

2    116.   On September 5, 2022, Plaintiff did not have a violation of probation,

3    and had never been on probation before that date.

4    117.   In the Riverside County's Bail Schedule Effective June 2021, it states

5    that "In the event that law enforcement has reasonable cause to believe that

6    the amount of bail set forth in the Bail Schedule is insufficient, the

7    arresting officer shall provide the booking officer at the custodial jail a copy

8    of a 1269c P.C. declaration requesting an order setting higher bail. Once a

9    copy of the 1269c P.C. form has been given to the booking officer, no one

10   shall release the defendant except at the higher requested bail. The

11   arresting officer then has eight (8) hours to obtain Magistrate approval. If

12   no Magistrate approved 1269c form is provided to the booking officer

13   within eight (8) hours of the initial booking, then the defendant may be

14   released at the amount of bail as indicated by the Bail Schedule. Any

15   Magistrate approved 1269c form must be filed with the Complaint."

16   118.   Plaintiff is informed and believes that Schumaker's, Gomez's, and/or

17   DOES 1-23's deliberate and/or reckless misrepresentations to the court were the

18   actual and proximate cause of Plaintiff's excessive bail.

19   119.   On March 23, 2023, Plaintiff was notified that the Riverside District

20   Attoney's Office decided not to file any charges against plaintiff.

21   120.   As a direct and proximate result of the aforesaid acts and omissions of

22   the aforementioned defendants, John Rey suffered the loss of $100,000 to post bail

23   with a bail bonds (10% of total 1 million) pending the outcome of criminal

24   proceedings, which have caused Rey to sustain damages in a sum to be determined

25   at trial.

26   ///

27   ///

28

## EIGHTH CAUSE OF ACTION

### Deprivation of Civil Rights - Entity and Supervisory Liability

### (42 U.S.C. § 1983)

### (Against City of Murrieta, and DOE 24 and DOES 25)

121.   Plaintiffs John Rey hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 120, inclusive, above, as if set forth in full herein.

122.   Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, defendants City of Murrieta (Murrieta Police Department is an indistinct part of the City) and DOES 24-25 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Rey, including the right to be free from excessive force under the Fourth Amendment:

a.   Failing to adequately train, supervise, and control officers in the constitutionally permissible use of force: especially the proper use of carotid restraint holds;

b.   Failing to adequately train, supervise, and control officers in proper communication and appropriate responses to members of the public;

c.   Failing to set up systems to prevent abuse by officers, including combating the "code of silence" by encouraging officers to intervene and prevent abuse and misconduct by other officers;

d.   Failing to discipline officers involved in abusing their authority, or in failing to report or prevent abuses of authority; and

e.   Condoning and encouraging MPD officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

123.  The following are only a few examples of cases where the involved officers were not disciplined, remanded,, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the City of Murrieta routinely ratifies such behavior.

124.  The Officer Defendants and any other involved officers acted pursuant to expressly adopted official policies or longstanding practices or customs of the City of Murrieta. These include policies and longstanding practices and/or customs requiring and/or permitting officers to carry out false arrests, excessive force, unlawful searches and seizures, handcuffing that injure an accused, detaining them at length, and searching their homes, seizing their weapons, all in situations that are not supported by reasonable suspicion/ probable cause and without regard to Ninth Circuit law.

125.  The training policies of the City of Murrieta were not adequate to train, supervise, and control its Officers to handle the usual and recurring situations with which they must deal, including but not limited to the issues discussed herein. The City of Murrieta knew that its failure to adequately train its Officers for such situations made it highly predictable that its Officers would engage in conduct that would deprive persons such as John Rey of his rights. The City of Murrieta was thus deliberately indifferent to the obvious consequences of its failure to train its Officers adequately.

126.  Defendant City of Murrieta' official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of John Rey by the Officer Defendants and the other involved Officers; that is, the City of Murrieta's official policies and/or longstanding practices or customs are so closely related to the deprivation of John Rey's rights as to be the moving force that caused her injuries.

127.  MPD Chief Tony Conrad, and other final policymakers for the City of Murrieta, ratified the actions and omissions of the Officer Defendants and the other

1   involved Officers in that he had knowledge of and made a deliberate choice to

2   approve their unlawful acts and omissions. Upon information and belief, the City took

3   no action in response to Plaintiff's allegations and none of the involved Officers have

4   been disciplined.

5       128.   As a direct and proximate result of the aforesaid acts and omissions of

6   the aforementioned entity and supervisory defendants, Plaintiff were injured in their

7   health and person. They suffered and will continue to suffer severe mental and

8   physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation,

9   indignity, embarrassment, harm to reputation, and apprehension, which have caused

10  Plaintiff to sustain damages in a sum to be determined at trial. Chief Tony Conrad's

11  failure to train and supervise MPD officers in the constitutional use of force and

12  search and seizure practices and his ratification of the use of force and search and

13  seizure practices upon Plaintiff, was willful, wanton, malicious and oppressive, and

14  with reckless disregard for, in deliberate indifference to, and with the intent to deprive

15  persons who might come in contact with MPD officers of constitutional rights, and

16  did in fact violate the aforementioned Fourth, Ninth, and Fourteenth Amendment

17  rights of Plaintiff, entitling Plaintiff to exemplary and punitive damages against Chief

18  Tony Conrad in an amount to be proven at trial.

19      129.   It was that failure that was the moving force in the depravation of

20  Plaintiff's rights against his liberty interest to be free from invasive procedures and

21  seizures.  In the case at bar, the Defendants Police officers felt free to search, seize

22  and use excessive force and the threat of deadly force, and falsely arresting and

23  reporting on Plaintiff without fear that their acts would receive censure from their

24  department. Indeed, Plaintiff is informed and believes that those officers audio and/or

25  video taped the procedure demonstrating that they felt that their acts were authorized,

26  if not encouraged, by their department, the City of Murrieta, DOE 24 and/or DOE 25.

27  (Or, at the very least would not meet with disapproval, censure or discipline). Thus,

28  this problem, the actions, polices and procedures that led up to the depravation of

Complaint for Damages / Jury Demand

Plaintiff's rights were systemic in that department and constituted deliberate indifference by the City to the rights of persons such as Plaintiff.

## PRAYER

**WHEREFORE**, Plaintiffs John Rey seeks compensation for the injuries caused by the Defendants; and   requests relief as follows, and according to proof, against each defendant:

1.    General and compensatory damages in an amount according to proof;

2.    Special damages in an amount according to proof;

3.    Punitive damages against each individual and DOE defendant (but not against the City of Murrieta or  DOE 24),(unless the Court deems proper pursuant to Govt. Code §815.2), in an amount according to proof;

4.    Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and

5.    Such other relief as may be warranted or as is just and proper.

Dated: April 8, 2024          SCHLUETER LAW FIRM, PC

By:   /s/ Peter Schlueter
       Peter B. Schlueter, Attorney for
       Plaintiff John Rey

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: April 8, 2024          SCHLUETER LAW FIRM, PC

By:   /s/ Peter Schlueter
       Peter B. Schlueter, Attorney for
       Plaintiff John Rey